

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-4717
Re: Order of the Board of
Insurance Commissioners
is invalid under facts
stated.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"In your Opinion No. O-3810 of July 14, 1942, you answered certain questions pertaining to the operations of a company under Articles 4982 and 4983. You ruled that after meeting certain requirements of the law, a company operating under these articles could issue certain policies.

"The Board of Insurance Commissioners passed an order dated May 20, 1941, reading as follows:

"'It is hereby ordered by the Board of Insurance Commissioners of the State of Texas that any bond submitted for filing with this Department executed by any company, person, or association of persons complying with Articles 4982 through 4986 of Chapter 16, Title 78, Revised Civil Statutes of Texas, shall be of no greater amount than 10% of the capital and surplus, guaranty capital and surplus, or net worth of such corporation, person, or association of persons. The burden of proof that the principal amount of such a bond does not exceed the maximum amount specified above shall be upon the corporation, person, or association of persons executing the bond.'

Honorable O. P. Lockhart, Page 2

"The Board passed this order because of
its conviction that the order was sound based
on experience in the insurance field and also
because there is a similar provision in the law
restricting the maximum liability which may be
assumed by another type of insurance organiza-
tion -- a lloyds -- in Article 5020. The re-
striction in this article was generally followed
by the Board in issuing the order of May 20.

"Will you please advise if, in your opinion,
the Board was within its rights in issuing the or-
der of May 20, 1941, and if the companies affected
are required to observe the order."

Article 4982, Vernon's Annotated Texas Civil
Statutes, reads as follows:

"Any person or association of persons,
any State banking corporation or any other
domestic corporation, or any corporation or-
ganized under the laws of any other State,
provided such foreign corporation complies
with the laws of this State relating to insur-
ance other than life, may exercise the follow-
ing powers by complying with the provisions of
this subdivision:

"1. Qualify as guardian, curator, execu-
tor, administrator, assignee, receiver, trustee
by appointment of any court or under will, or
depositary of money in court, without giving
bond as such;

"2. Become sole guarantor or surety in or
upon any bond required to be given under the
laws of this State, any other statute to the
contrary notwithstanding." (Underscoring ours)

Article 4983, Vernon's Annotated Texas Civil
Statutes, reads as follows:

"Those included in the provisions of this
subdivision shall:

Honorable O. P. Lockhart, Page 3

"1. Deposit with the State Treasurer fifty thousand dollars consisting of cash, treasury notes of the United States, or government, State, county, municipal or other bonds, notes, or debentures, secured by first mortgages or deeds of trust, or mortgages or deeds of trust on unencumbered real estate in Texas worth at least double the amount loaned thereon, or such other first class securities as the Commissioner may approve. Said bonds or securities shall not be received or held at a rate above par, but if their market value is less than par they shall not be held above their actual market value. The State Treasurer shall require any such depositor to replace any securities so deposited on which the interest shall not be paid within six months after maturity, by other securities equal in amount to those removed, upon which the interest has not been defaulted. The funds so deposited shall be primarily liable for the obligations of the depositor in any capacity herein authorized, and shall not be liable for any other debt or obligation of the depositor until all such trust liabilities have been discharged.

"2. Satisfy the Commissioner of its solvency. The Commissioner shall issue any such depositor, when satisfied it is solvent and has made the required deposit, a certificate showing such facts.

"3. Maintain a premium reserve of the amount required to reinsure all outstanding risks, to be determined by taking fifty per cent of the premiums of all unexpired risks that have less than one year to run, and a pro rata of all gross premiums on risks that have more than one year to run.

Honorable O. P. Lockhart, Page 4

"4. File with the Commissioner, within sixty days after the first day of each January, a report sworn to by its president and secretary or by two of its principal officers, as to the surety and bond business done by the same during the preceding year.

"5. Pay taxes on its surety and bond business as required of other surety companies."

Article 5020, Vernon's Annotated Texas Civil Statutes, reads as follows:

"No attorney for underwriters at a Lloyd's shall assume any one insurance risk exceeding one-tenth of the amount of the net assets of the underwriters as defined in this chapter and the additional liability assumed by the individual underwriters in the articles of agreement and in the policies or contracts of insurance, unless such excess shall be promptly reinsured."

Article 5023, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Except as herein provided no other insurance law of this State shall apply to insurance on the Lloyd's plan unless it is specifically so provided in such other law that the same shall be applicable."

It is our opinion that Article 5020, V. A. C. S., supra, applies only to Lloyd's Plan Insurance Companies provided for by Chapter 19, Title 78, R. C. S.

We quote from 24 Texas Jurisprudence, page 1322, as follows:

". . . . The Insurance Commission may exercise only the authority expressly conferred

onorable O. P. Lockhart, Page 5

by law; the statutes conferring such authority are strictly construed. . . . "

In the case of Commercial Standard Life Insurance Company vs. Board of Insurance Commissioners, 34 S. W. (2d) 343, the Court held invalid an order of the Board fixing commissions to be paid fire insurance agents. We quote from the Court's opinion as follows:

"The only manner in which that can be done is by an express act of the Legislature itself. The Board can exercise only the authority conferred upon it by law in clear and unmistakeable terms, and will not be deemed to be given by implication, nor can it be extended by inference, but must be strictly construed."

We have been unable to find any statutory authority, either express or by implication, which would authorize the Board to pass the above quoted order.

It is therefore our opinion that said order is void and the affected companies are not required to observe or follow such order.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WF:MBR

APPROVED AUG-26, 1942 *Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN